[No. 8,278. Department Two.—December 16, 1884.]

CHARLES HARLEY ET AL., RESPONDENTS, v. GOLDEN STATE AND MINERS IRON WORKS, APPELLANT.

CONTRACT OF SALE—IMPLIED WARRANTY.—A mere contract of sale or agreement to sell does not imply a warranty.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover for a breach of warranty of certain second-hand gold ore concentrators, which were repaired by the defendant and erected by them in the plaintiffs' mill. The further facts are sufficiently stated in the opinion of the court.

*George A. Nourse*, for Appellant.

*Cary & Troutt*, for Respondents.

MYRICK, J.—The second cause of action stated in plaintiffs' complaint is evidently based on a warranty of the articles specified. Although there is not in the complaint a direct allegation of sale, yet from the language used, in connection with the allegation of warranty, the pleader must have intended to aver a sale with warranty. This is further apparent from the fact that, if no averment of sale was intended, there are not averments of an agreement by defendant to hold the plaintiffs harmless of expenses they might be put to in and about the property, its transportation, or fitting for use. The defendant would not be liable, unless there was a sale with warranty, or unless there was an agreement to hold harmless or to refund. Therefore, we conclude that the pleader intended to aver a sale with warranty. The court found there was no sale. It follows, there was no warranty. " A warranty is an engagement by which a seller assures to a buyer the existence of some fact affecting the transaction." (§ 1763, Civil Code.) A mere contract of sale or agreement to sell does not imply a warranty. (§ 1764, Civil Code.) Doubtless the defendant could have contracted, for a consideration, that the concentrators should prove to be of a certain quality, and able to perform certain work, independent of a sale; it could also have contracted to send the concentrators to plaintiffs for experiment, and guaranteed their fitness, and agreed to refund all expenses; but such contracts do not appear in this case. There being, then, no sale found by the court, and there being no sufficient averments to show liability on the part of defendant without a sale with warranty, the court

was not justified in rendering judgment against defendant for any of the items of expenses paid by plaintiffs. There must be a trial *de novo*.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.